**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KESSELE LIVINGSTON, | No. 17-16563 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-03295-DLR |
| v. | |
| LAURI ESSLINGER; REBECCA OHTON; TERESA PATTERSON, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted August 16, 2018
San Francisco, California

Before: O'SCANNLAIN and BEA, Circuit Judges, and McLAUGHLIN,[**] District Judge.

Several Arizona Department of Child Safety caseworkers appeal the district

court's denial of their motion to dismiss Kessele Livingston's claims on the basis

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Mary A. McLaughlin, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

of qualified immunity.  Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

"Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Taylor v. Barkes*, 135 S. Ct. 2042, 2044 (2015) (per curiam) (internal quotation marks omitted).  The asserted "right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right. . . .  [E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Id.* (internal quotation marks omitted).  Our inquiry is "fact-specific" and "highly contextualized"; it "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Hamby v. Hammond*, 821 F.3d 1085, 1091 (9th Cir. 2016) (internal quotation marks and emphasis omitted).

The district court erred in rejecting the caseworkers' claim for qualified immunity, because Livingston has not alleged the violation of a constitutional right that is clearly established.[1]

---

[1]  We conclude only that the rights Livingston asserts are not clearly established and do not consider the underlying question of whether such rights indeed exist.  *See Pearson v. Callahan*, 555 U.S. 223, 236–37 (2009).

# I

First, the caseworkers had no clearly established duty to discover Livingston's actual age after he entered their care. At most, Livingston can show that the State has a duty to provide children within its custody "reasonable safety and minimally adequate care and treatment appropriate to the age and circumstances of the child." *Lipscomb v. Simmons*, 962 F.2d 1374, 1379 (9th Cir. 1992) (en banc). Even assuming *arguendo* that such duty implies some additional duty to determine the age of a child held by the State, that is not the appropriate question for our analysis. The Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). Livingston much be able to show, much more specifically, that *in the context of this case* his caseworkers had a clearly established duty to do more to discover his actual age. *See Hamby*, 821 F.3d at 1090–91 & n.3.

Livingston has not identified a single case that opines on the State's alleged duty to determine the age of a child in its custody, let alone in circumstances similar to these. The caseworkers are not the ones who incorrectly determined that Livingston was born in 1994. Upon his entry into the United States, Livingston's own aunt asserted that he was born then, information which was then recorded on

3

his official federal residency card and which was later relied upon by other State officials. Whether or not the caseworkers had reason to question Livingston's purported age, he has identified no case that shows (or even suggests) they had a constitutional obligation to investigate and somehow to disprove the age under which he had been living for years.

## II

Second, even if the caseworkers could be faulted for failing to determine Livingston's actual age, he has not identified any authority that clearly establishes his alleged right to receive "restoration services" from them or to be held within their care until he became an adult. *Cf. DeShaney v. Winnebago Cty. Dep't of Soc'l Servs.*, 489 U.S. 189, 201 (1989) (a State may remove a child from its protective custody so long as it "place[s] him in no worse position than that in which he would have been had [the State] not acted at all"); *Henry A. v. Willden*, 678 F.3d 991, 1000 (9th Cir. 2012) (while in foster care, children have a right to receive "the basic needs identified in *DeShaney*—food, clothing, shelter, medical care, and reasonable safety").

**REVERSED.**